Dean G. Rallis Jr. (CA Bar No. 94266)
Diane C. Stanfield (CA Bar No. 106366)
Leib M. Lerner (CA Bar No. 227323)
ALSTON & BIRD, LLP
333 South Hope Street, Sixteenth Floor
Los Angeles, California 90071-1406
Telephone: 213.576.1000
Facsimile: 213.576.1100

Proposed Counsel for the Official Committee of Unsecured
Creditors

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### LOS ANGELES DIVISION

| | |
|---|---|
| In re | CASE NO. 9:09-bk-10165-RR |
| ORANGE COUNTY NURSERY, INC., a California corporation, | Chapter 11 |
| Debtor. | **APPLICATION FOR ORDER APPROVING THE EMPLOYMENT AND RETENTION OF ALSTON & BIRD LLP AS COUNSEL FOR THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS <u>NUNC PRO TUNC</u> TO MARCH 3, 2009; <u>DECLARATION</u> OF DEAN G. RALLIS JR. IN SUPPORT THEREOF** |
| Tax Id # 95-1681912. | [No Hearing Required] |

TO THE HONORABLE ROBIN L. RIBLET, UNITED STATES BANKRUPTCY JUDGE, AND TO ALL INTERESTED PARTIES:

The Official Committee of Unsecured Creditors (the "Committee") appointed in the above-captioned Chapter 11 bankruptcy case hereby submits this application for an order approving the employment and retention of the law firm of Alston & Bird LLP (the "Firm") as counsel to the Committee, <u>nunc pro tunc</u> to March 3, 2009, pursuant to Sections 328 and 1103(a) of Title 11 of the Bankruptcy Code (the "Application").

31190086_3.DOC

In support of its Application, the Committee submits the declaration of Dean G. Rallis Jr. (the "Rallis Declaration"), attached hereto and incorporated herein by reference, the exhibits attached thereto, and represents as follows:

1.     Orange County Nursery (the "Debtor") operates as a wholesale nursery.  It raises nursery stock, farms in connection therewith, and sells bareroot, boxed specimens, and containerized fruits and shade trees.  The Debtor commenced this case by filing a voluntary Chapter 11 petition on January 22, 2009.

2.     The Debtor remains in possession of its assets and is operating and managing its business as debtor in possession, pursuant to Bankruptcy Code Sections 11 U.S.C. 1101(1), 1107(a), and 1108.

3.     On or about March 3, 2009, the Office of the United States Trustee appointed the Committee pursuant to Section 1102 of the Bankruptcy Code.

4.     The Committee has selected Alston & Bird LLP as its counsel because of the expertise and experience of the Firm's attorneys in bankruptcy cases.  Attached to the Rallis Declaration as **Exhibit 1** is an overview of the Firm including detailed information about the Firm's Bankruptcy, Workouts and Reorganization Practice. Additionally, biographies of those attorneys who initially will act as counsel for the Committee are attached as **Exhibit 2** to the Rallis Declaration.  Subject to the issues that may arise in this case, lawyers from other practice groups (e.g. tax) may also be involved to assist the Committee.

5.     The Firm is expected to render such legal services as the Committee may consider desirable to discharge the Committee's responsibilities and further the interests of the Committee's constituents in this case.  In addition to acting as the primary contact for the Committee, it is expected that the Firm's services will include, without limitation, assisting, advising, and representing the Committee with respect to the following matters:

(a)     The administration of this case and the exercise of oversight with respect to the Debtor's affairs including all issues arising from or impacting the Debtor or the Committee in this Chapter 11 case;

31190086_3.DOC

-2-

(b)    The preparation on behalf of the Committee of all necessary applications, motions, orders, reports, and other legal papers;

(c)    Appearances in this Court to represent the interests of the Committee;

(d)    The negotiation, formulation, drafting, and confirmation of any plan of reorganization or liquidation and matters related thereto;

(e)    The exercise of oversight with respect to any transfer, pledge, conveyance, sale, or other liquidation of the Debtor's assets;

(f)    Such investigation, if any, as the Committee may desire concerning, among other things, the acts, conduct, assets, liabilities, financial condition, and operating issues concerning the Debtor that may be relevant to this case;

(g)    Such communication with the Committee's constituents and others as the Committee may consider desirable in furtherance of its responsibilities; and

(h)    The performance of all of the Committee's duties and powers so that they comply with the provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Bankruptcy Rules, and the performance of such other services as are in the interests of those represented by the Committee or as may be ordered by the Court.

6.    The Firm will receive compensation for professional and paraprofessional services on an hourly basis discounted by fifteen percent (15%), subject to approval by this Court and compliance with Sections 328 and 331 of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules, the United States Trustee's Guidelines for Fees and Disbursements issued by the Office of the United States Trustee, and such other procedures as may be fixed by this Court. The current hourly rates charged by Alston & Bird LLP for services rendered by the attorneys and paralegals who will initially represent the Committee are set forth in **Exhibit 3** to the Rallis

1  Declaration.

2       7.    The Firm also requests reimbursement for expenses incurred by Alston &

3  Bird LLP during the course of its representation of the Committee.  It is the Firm's policy

4  to charge its client in all areas of practice for all other expenses incurred in connection

5  with the client's case.  The expenses charged to clients include, among other things, mail

6  and express mail charges, special or hand delivery charges, photocopying charges,

7  travel expenses, expenses for "working meals" and "committee meetings," computerized

8  research, transcription costs, as well as ordinary overhead expenses such as secretarial

9  and other overtime.  Alston & Bird LLP will charge for these expenses in a manner and at

10  rates consistent with charges made generally to the Firm's other clients.  The Firm will

11  seek reimbursement of its expenses as allowed pursuant to the Bankruptcy Code, the

12  applicable Federal Rules of Bankruptcy Procedure, the applicable Local Bankruptcy

13  Rules and Guidelines, the Guidelines for Reviewing Applications for Compensation and

14  Reimbursement of Expenses promulgated by the Office of the United States Trustee, and

15  the Orders of this Court.  The Firm understands, however, that the Court may allow

16  compensation different than that requested in the Committee's Application.

17       8.    The Debtor's cash collateral budget sets forth a line item for the payment of

18  the Committee Counsel at a rate of five thousand dollars ($5,000) per week.  Accordingly,

19  the cash collateral budget provides for payments to the Committee Counsel in the

20  approximate amount of twenty thousand dollars ($20,000) per month.

21       9.    Although Alston & Bird seeks payment and employment pursuant to section

22  328 of the Bankruptcy Code, it intends to apply to this Court for compensation in

23  conformity with the requirements of section 328, 330 and 331 of the Bankruptcy Code.

24  Alston & Bird understands that its compensation in this chapter 11 case will be subject to

25  the approval of the Court.

26       10.    In connection therewith, not more frequently than every four (4) months,

27  Alston & Bird will file an application with the Court seeking interim allowance of its fees

28  and costs paid from property of the Debtor's estate.  At the conclusion of this chapter 11

31190086_3.DOC

1   case, Alston & Bird will file an appropriate application seeking final allowance of all fees

2   and costs, regardless of whether interim compensation has been paid to the firm.  Upon

3   allowance of such fees and costs, Alston & Bird will seek compensation from the Debtor

4   for the difference between the amounts allowed and any interim compensation to the

5   firm.

6       11.    Alston & Bird understands and agrees that the proposed arrangement is

7   subject to the provisions of section 328 of the Bankruptcy Code, which authorizes this

8   Court to allow compensation different from what is provided for herein if the fee

9   arrangement appears, in retrospect, to have been improvident in light of developments

10  unanticipated at the outset of the case.  Alston & Bird understands and agrees that, if the

11  aggregate interim payments made to the firm from property of the Debtor's estate exceed

12  the amount that is ultimately allowed by the Court, the firm will be required to, and will,

13  promptly repay to Debtor such difference.

14      12.    The Firm has not received a retainer or any other form of compensation in

15  this case.

16      13.    The Firm has not agreed to share (i) any compensation it may receive with

17  another party or person, other than with the partners of the Firm or (ii) any compensation

18  another person or party has received or may receive.

19      14.    To the best of the Committee's knowledge, information, and belief and

20  consistent with the Rallis Declaration, Alston & Bird LLP is a "disinterested person" as

21  that term is defined in Section 101(14) of the Bankruptcy Code in that Alston & Bird LLP.

22      15.    It is the view of the Committee that, taking into account the facts of this

23  case and the various interests involved, representation of the Committee by Alston & Bird

24  LLP is appropriate and advisable.    To the best of the Committee's knowledge,

25  information, and belief and consistent with the Rallis Declaration, Alston & Bird LLP

26  represents no interest adverse to the Committee or the Debtor which would preclude it

27  from acting as counsel to the Committee in the matters upon which it is to be engaged.

28      16.    Based on the foregoing, the employment of Alston & Bird LLP by the

-5-

31190086_3.DOC

1   Committee is necessary, would be in the best interests of the Committee and the Debtor,

2   and complies with Sections 328 and 1103 of the Bankruptcy Code.

3        17.    Alston & Bird LLP commenced performing services for the Committee on

4   March 3, 2009, the day the Committee selected the Firm to represent it in this case on an

5   interim basis.   Subsequently, on March 9, 2009, the Committee voted and selected the

6   Firm to represent it in this case on a permanent basis.   Accordingly, the Committee seeks

7   to employ Alston & Bird LLP, nunc pro tunc to March 3, 2009.

8      **WHEREFORE**, the Committee respectfully requests that this Court enter an Order

9   approving the employment and retention of Alston & Bird LLP as counsel to the

10   Committee, <u>nunc pro tunc</u> to March 3, 2009, permitting the Firm to be compensated

11   every thirty (30) days, and granting any further relief as the Court may deem just and

12   proper.

13

14   DATED:   March 3/, 2009

15

16                             Phil Guardia

17           Chair, Official Committee of Unsecured Creditors
             of Orange County Nursery, Inc.

18

19

20

21

22

23

24

25

26

27

28

### DECLARATION OF DEAN G. RALLIS JR.

I, Dean G. Rallis Jr., declare as follows:

1.     I am an attorney licensed to practice law before all of the Courts of the State of California and the Central District of California and am counsel with Alston & Bird LLP ("Alston & Bird" or the "Firm"), proposed counsel to the Official Committee of Unsecured Creditors (the "Committee") in the above-captioned bankruptcy case.  I make this declaration in support of the Committee's Application for an Order Approving the Employment and Retention of Alston & Bird LLP as Counsel to the Committee, nunc pro tunc to March 3, 2009 (the "Application").

2.     I have personal knowledge of the following facts and, if called as a witness, I could and would competently testify thereto under oath.

3.     I am the attorney that will be primarily responsible for the representation of the Committee in this case.   Other attorneys at the firm will also be involved in representing the Committee.

4.     The Firm, its bankruptcy partners, counsel and associates are experienced in bankruptcy, insolvency, corporate reorganization, workouts, litigation, debtor/creditor law and in the representation of debtors, creditors, creditors' committees and trustees in cases under the Bankruptcy Code.  Accordingly, Alston & Bird LLP is well-qualified to serve as counsel for the Committee in this case.

5.     Alston & Bird LLP is expected to render such legal services as the Committee may consider desirable to discharge the Committee's responsibilities and further the interests of the Committee's constituents in this case.  In addition to acting as the primary contact for the Committee, it is expected that the Firm's services will include, without limitation, assisting, advising, and representing the Committee with respect to the following matters:

(a)     The administration of this case and the exercise of oversight with respect to the Debtor's affairs including all issues arising from or

impacting the Debtor or the Committee in this Chapter 11 case;

(b)    The preparation on behalf of the Committee of all necessary applications, motions, orders, reports, and other legal papers;

(c)    Appearances in this Court to represent the interests of the Committee;

(d)    The negotiation, formulation, drafting, and confirmation of any plan of reorganization or liquidation and matters related thereto;

(e)    The exercise of oversight with respect to any transfer, pledge, conveyance, sale, or other liquidation of the Debtor's assets;

(f)    Such investigation, if any, as the Committee may desire concerning, among other things, the acts, conduct, assets, liabilities, financial condition, and operating issues concerning the Debtor that may be relevant to this case;

(g)    Such communication with the Committee's constituents and others as the Committee may consider desirable in furtherance of its responsibilities; and

(h)    The performance of all of the Committee's duties and powers so that they comply with the provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Bankruptcy Rules, and the performance of such other services as are in the interests of those represented by the Committee or as may be ordered by the Court.

6.    An overview of the Firm and detailed information regarding the Firm's Bankruptcy, Workouts and Reorganization Practice is attached hereto as **Exhibit 1**. Additionally, the biographies of the attorneys that will, at this time, represent the Committee in this case are attached hereto as **Exhibit 2**. Subject to the issues that may arise in this case, lawyers from other practice groups (e.g. tax) may also be involved to assist the Committee.

31190086_3.DOC

7.     Alston & Bird LLP has agreed to perform professional and paraprofessional services for the Committee in this case at its hourly rates discounted by fifteen percent (15%).  A schedule of the current hourly billing rates charged for services rendered by those attorneys and paralegals that will initially represent the Committee is attached hereto as **Exhibit 3**.

8.     The Firm also requests reimbursement for expenses incurred by Alston & Bird LLP during the course of its representation of the Committee.  It is the Firm's policy to charge its client in all areas of practice for all other expenses incurred in connection with the client's case.  The expenses charged to clients include, among other things, mail and express mail charges, special or hand delivery charges, photocopying charges, travel expenses, expenses for "working meals" and "committee meetings," computerized research, transcription costs, as well as ordinary overhead expenses such as secretarial and other overtime.  Alston & Bird LLP will charge for these expenses in a manner and at rates consistent with charges made generally to the Firm's other clients.  The Firm will seek reimbursement of its expenses as allowed pursuant to the Bankruptcy Code, the applicable Federal Rules of Bankruptcy Procedure, the applicable Local Bankruptcy Rules and Guidelines, the Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses promulgated by the Office of the United States Trustee, and the Orders of this Court.

9.     The Debtor's cash collateral budget sets forth a line item for the payment of the Committee Counsel at a rate of five thousand dollars ($5,000) per week.  Accordingly, the cash collateral budget provides for payments to the Committee Counsel in the approximate amount of twenty thousand dollars ($20,000) per month.

10.     Although Alston & Bird seeks payment and employment pursuant to section 328 of the Bankruptcy Code, it intends to apply to this Court for compensation in conformity with the requirements of section 328, 330 and 331 of the Bankruptcy Code. Alston & Bird understands that its compensation in this chapter 11 case will be subject to the approval of the Court.

31190086_3.DOC

11.    In connection therewith, not more frequently than every four (4) months, Alston & Bird will file an application with the Court seeking interim allowance of its fees and costs paid from property of the Debtor's estate.  At the conclusion of this chapter 11 case, Alston & Bird will file an appropriate application seeking final allowance of all fees and costs, regardless of whether interim compensation has been paid to the firm.  Upon allowance of such fees and costs, Alston & Bird will seek compensation from the Debtor for the difference between the amounts allowed and any interim compensation to the firm.

12.    Alston & Bird understands and agrees that the proposed arrangement is subject to the provisions of section 328 of the Bankruptcy Code, which authorizes this Court to allow compensation different from what is provided for herein if the fee arrangement appears, in retrospect, to have been improvident in light of developments unanticipated at the outset of the case.  Alston & Bird understands and agrees that, if the aggregate interim payments made to the firm from property of the Debtor's estate exceed the amount that is ultimately allowed by the Court, the firm will be required to, and will, promptly repay to Debtor such difference.

13.    The Firm has not received a retainer or any other form of compensation in this case.

14.    The Firm has not agreed to share (i) any compensation it may receive with another party or person, other than with the partners of the Firm or (ii) any compensation another person or party has received or may receive.

15.    The Firm has conducted a conflicts check (the "Conflicts Check").  The conflicts check system and adverse party index maintained by the Firm is designed to include every matter on which the firm is now or has been engaged, by which entity the Firm is now or has been engaged, and, in each instance, the identity of related parties and adverse parties and the attorneys in the Firm who are knowledgeable about the matter.  It is the policy of Alston & Bird LLP that no new matter may be accepted or opened by the Firm without completing and submitting to those charged with maintaining

-10-

1    the conflicts check system and adverse party index the information necessary to check

2    each such matter for conflicts, including the identity of the prospective client, the matter,

3    and related and adverse parties.    Accordingly, Alston & Bird LLP maintains and

4    systematically updates this system in the regular course of business of the Firm, and it is

5    the regular practice of the Firm to make and maintain these records.  Under my direction

6    and supervision, the Firm ran through its conflicts check system and adverse party index

7    the names of the Debtor, the Debtor's principals, the members of the Committee, and the

8    principal contacts of the members of the Committee.

9        16.    I next reviewed or caused to be reviewed by an attorney under my

10    supervision the reports generated by the requests in paragraph 15 to determine

11    connections with the parties so identified.    These reports would reveal the Firm's

12    connections with the Debtor, the Debtor's principal contacts, the Committee members

13    and the Committee's principals, if any.

14        17.    Based upon the Conflicts Check, and to the best of the Firm's and my

15    knowledge, with the exceptions of the disclosures contained herein,

16                (a)    Neither I, nor the Firm, the Firm's members, associates, of counsel

17                          attorneys,  or  other  employees  have  represented  or  currently

18                          represent the Debtor, the Debtor's principals, or any other party in

19                          interest other than the Committee (as identified in paragraph 15) in

20                          any matter related in any way to the Debtor or its bankruptcy case.

21                (b)    Neither I, nor the Firm, the Firm's members, associates, of counsel

22                          attorneys, or other employees now represent or have represented

23                          the Debtor, the Debtor's principals, or any other party in interest

24                          other  than  the  Committee  (as  identified  in  paragraph  15)  in

25                          connection with matters unrelated to the Debtor's Chapter 11 case.

26                (c)    Neither I, nor the Firm, the Firm's members, associates, of counsel

27                          attorneys,  or  other  employees  now  represent  or  have  represented

28                          any interest adverse to the interest of the Committee in connection

with the Debtor's case.    Furthermore, while employed by the Committee, the Firm will not represent any entity having an adverse interest in the matters for which the Committee seeks to retain the Firm.

18.    The attorneys and other employees of the Firm who will represent the Committee in this case do not have any connection with the Debtor or any other party in interest in this case, or their respective attorneys or accountants, except as set forth below:

    (a)    I was employed as a partner at SulmeyerKupetz from 2001 to March 2007.

    (b)    Diane Stanfield, Counsel with the Firm who will represent the Committee, was employed as Of Counsel at SulmeyerKupetz from 2002 to March 2007.

19.    The attorneys and other employees of the Firm who will represent the Committee in this case are not relatives or employees of the United States Trustee or a United States Bankruptcy Judge, except as described in this paragraph.  Leib Lerner, an associate with the Firm, was an extern for the Honorable Judge Thomas B. Donovan in 2003.

20.    Neither I, nor the Firm, the Firm's partners, of counsel attorneys, associates, or other employees have any prepetition claim against the Debtor.

21.    The Firm has not in the past represented nor does the Firm plan to represent in the future the Debtor, any related debtors, or any principals, officers, directors, shareholders or affiliates of the Debtor.

22.    Neither I, nor the Firm, the Firm's members, associates, of counsel attorneys, or other employees hold or own directly or indirectly or beneficially any of the Debtor's securities.

23.    The Firm is and was not, at any time, an investment banker for any security of the Debtor, or an attorney for such an investment banker.

-12-

31190086_3.DOC

1   24.    I have determined and believe, based on the foregoing paragraphs and the

2   Conflicts Check described in paragraph 15 above, that the Firm and all its members,

3   associates, of counsel attorneys, and other employees do not represent an interest that is

4   adverse to the Committee or to the Debtor's estate, and that the Firm and all its

5   members, associates, of counsel attorneys, and other employees are "disinterested"

6   persons within the meaning of Section 101(14) of Title 11 United States Code (the

7   "Bankruptcy Code").

8   25.    The following supplemental disclosures are made with respect to the Firm's

9   disinterestedness.  References to the Firm include all attorneys and other employees of

10  the Firm who will represent the Committee in this case.

11          (a)    The Firm is not and was not a creditor, equity security holder, or an

12                 insider of the Debtor.

13          (b)    The Firm is not and was not, within two years before the petition

14                 Date, a director, officer or employee of the Debtor.

15          (c)    The Firm does not have an interest materially adverse to the interest

16                 of the estate or of any class of creditors or equity security holders,

17                 either by reason of any direct or indirect relationship to, connection

18                 with, or interest in the Debtor or for any other reason.

19  26.    I and the other attorneys of Alston & Bird LLP who will represent the

20  Committee in this case are familiar with the Bankruptcy Code, the Federal Rules of

21  Bankruptcy Procedure, the Local Bankruptcy Rules, and the requirements of the United

22  States Trustee and shall comply with them.

23  27.    If the Firm discovers any material information that is contrary to or pertinent

24  to the statements made herein, the Firm will disclose such information in a supplemental

25  Declaration.

26  28.    I have read the Committee's Application for an order approving the

27  employment and retention of Alston & Bird LLP as the Committee's counsel, *nunc pro*

28

31190086_3.DOC

1 | tunc to March 3, 2009, and, to the best of my knowledge, information and belief, the

2 | contents of said application are true and correct.

3 |     29.    A copy of the proposed order approving the Application is attached hereto

4 | as **Exhibit 4**.

5 |     I declare under penalty of perjury under the laws of the United States of America

6 | that the foregoing is true and correct and that this declaration is signed this 31st day of

7 | March, 2009 at Los Angeles, California.

8

9 |                       Dean G. Rallis Jr.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-14-

# EXHIBIT 1

# ALSTON+BIRD LLP

Alston & Bird provides legal counsel and services on a global basis to domestic and multinational clients across a broad range of industries. Our mission is to provide the highest quality legal advice and responsiveness by assembling and nurturing the strongest array of legal talent and expertise to meet the challenges our clients face today. A critical component of ensuring that we provide effective and integrated services is our unique culture, which has been repeatedly recognized for fostering teamwork among our 900 lawyers and with our clients.

## Corporate

The industry knowledge and regulatory capacity of the 345 corporate attorneys bring critical value to client relationships. Our practices include:

- Banking and Finance Regulation
- Credit Cards and Payment Systems
- Debt Finance
- Derivatives
- Energy and Utilities
- Food, Drug and Device
- Financial Services and Products
- Global Security
- Health Care
- Hedge Funds
- Investment Products
- Legislative and Public Policy
- Media and Digital Commerce
- Mergers and Acquisitions
- Privacy and Data Management
- Private Equity
- Public Finance
- Real Estate Finance and Investment
- REITs
- Securities
- Sourcing
- Subprime Mortgage Markets
- Technology and Telecommunications

## Intellectual Property

The IP practices include 175 lawyers with dedicated IP practices—120 of whom are registered with the U.S. Patent and Trademark Office. Our practices include:

- Biotechnology Patents
- Business Method Patents
- Chemical and Pharmaceutical Patents
- Electrical and Computer Science Patents
- IP and Technology Transactions
- Life Sciences
- Litigation
- Marketing and Advertising
- Mechanical Patents
- Trademarks and Copyrights

## Litigation

Our 330 litigators are handling major cases all across the country for corporate America, serving as national and regional counsel on high-visibility, landmark litigation. Our practices include:

- Antitrust
- Appellate
- Bankruptcy, Workouts and Reorganization
- Climate Change/Carbon Management
- Construction
- Corporate and Commercial
- Environmental and Land Use
- Government Contracts
- Government Investigations
- Immigration
- Internal Investigations
- International Trade and Regulatory
- Intellectual Property
- Labor and Employment
- Mass Torts
- Products Liability
- Securities
- Toxic Tort
- White Collar Crime

## Tax

Our 75 tax attorneys comprise one of the largest law-firm-based tax practices in the country. Our practices include:

- Employee Benefits and Executive Compensation
- ERISA Litigation
- Exempt Organizations
- Federal Income Tax
- International Tax
- Litigation and Controversy
- State and Local Tax
- Tax Legislative and Regulatory Advocacy
- Transfer Pricing
- Wealth Planning

## Highlights

- **Alston & Bird has been ranked by FORTUNE as one of the "100 Best Companies to Work For" nine years in a row.**

- **The BTI Consulting Group ranked Alston & Bird 5th in the U.S. on its first-ever "Masters of the Deal" list. The ranking resulted from a survey of 150 major corporations about the law firms they use for corporate transactions.**

- **Our 330 litigators have handled cases in each of the 50 U.S. states, as well as in multiple international jurisdictions, including complex arbitrations in international forums.**

- ***International Tax Review*** **described our practice as being "one of the best in North America," and lists Alston & Bird as a leading tax firm in both New York and Washington, DC.**

- **On an annual basis, our patent prosecution attorneys file over 1,200 U.S. and 1,000 foreign applications, and our trademark and copyright attorneys file over 1,200 trademark applications in the U.S. and foreign jurisdictions.**

Atlanta • Charlotte • Dallas • Los Angeles • New York • Research Triangle • Silicon Valley • Ventura County • Washington, DC

# ALSTON+BIRD LLP

## Bankruptcy, Workouts & Reorganization Practice

**Overview**

A bankruptcy case, unlike many legal situations, requires very different skills from the lawyers of each side.  If you are a debtor, you need an attorney that understands your business and your unique risks, with the ability to creatively stretch the bounds of the Bankruptcy Code to your greatest advantage.  If you are on a creditors' committee, you need independent counsel with strong negotiating skills, one that can assess the needs of all the players and help keep the business running while the crisis is worked out, and then is able to develop consensus for a reorganization plan.  If you are a secured lender, you need a tactician who can protect your interest in the debtor's assets and come up with a cost-effective exit strategy.  In summary you are always looking for a canny strategist, a mature and experienced negotiator who can build consensus and an excellent litigator who can advocate aggressively for you.

Most law firms are limited to experience in just one of these areas.  Their bankruptcy lawyers represent either debtors or creditors – or act as trustees and fiduciaries.  Some are "boutique" bankruptcy firms without broad resources, or lacking the types of lawyers that consistently perform cutting-edge work in your industry.  Others are large full-service firms with deep resources but a limited bankruptcy practice.

To get the best representation, you want a firm with lawyers who have experience with all aspects of the bankruptcy process since they have "walked in the shoes" of all sides and can anticipate and understand the potential strategies of all the players.  That is what you get in Alston & Bird.  Our Bankruptcy, Workouts & Reorganization Practice Group has a national practice in which we regularly represent all parties to a bankruptcy case.  We have skilled negotiators *and* seasoned litigators (in a practice area in which strong litigation skills are unusual).  We also have excellent transactional attorneys in our group that are skilled in negotiating and documenting deals from the financial side.

**The Breadth of Our Capabilities**

The best illustration of our practice's capabilities lies in the broad range of cases we have handled.  For example, our senior attorney Neal Batson was appointed as the examiner for Enron, and Alston & Bird served as his counsel identifying over $10 billion in claims against third parties involved in the Enron bankruptcy by investigating issues through our structured finance, tax, securities and litigation practices.  Several years ago, Mr. Batson also served as the court-appointed examiner in the Southmark bankruptcy case, a Dallas real estate and investment conglomerate with stated assets of over $8.5 billion.  Both of these representations involved complex domestic and international financial affairs, as well as fiduciary issues with substantial assets to be identified and preserved for creditors.

# ALSTON+BIRD LLP

In total, during the last 20 years, Alston & Bird has represented debtors, fiduciaries, secured lenders, indentured trustees and creditors' committees in more than 150 out-of-court restructurings and bankruptcy cases, in 40 states, involving more than $20 billion in debt.  Alston & Bird also serves as national bankruptcy counsel to many large companies, including The Prudential Insurance Company of America, Pacific Life Insurance Company, InterContinental Hotels and Meadowbrook Meat Company.

# EXHIBIT 2

# ALSTON+BIRD LLP



**Dean G. Rallis Jr.**
Alston & Bird LLP
333 South Hope Street
16th Floor
Los Angeles, CA 90071
213-576-1025
dean.rallis@alston.com

**Services**
Litigation
Bankruptcy, Workouts &
   Reorganization

**Education**
University of Southern California
(J.D., 1980)

University of Southern California
(B.A., 1977)

**Admitted to Practice**
California

## Dean G. Rallis Jr.

For over 25 years, Dean Rallis has focused his practice in the areas of business reorganization, corporate insolvency, commercial and bankruptcy litigation. In conjunction with such work, Dean has also represented clients in the acquisition of business and operating assets in bankruptcy cases and out-of-court workouts. Dean has served as lead counsel for corporate and business debtors, creditors (both secured and unsecured), creditors' committees and purchasers in the bankruptcy, restructure and liquidation of companies.

Dean has appeared on behalf of purchasers, creditors and debtors in matters pending throughout the country. His experience extends to a number of major industries, including real estate, manufacturing, retail, health care and transportation.

Dean has lectured extensively on bankruptcy and commercial law issues, speaking before trade and professional organizations. He has written numerous articles on various subjects in bankruptcy reorganizations and creditor's rights, including authoring the chapter on Mechanics Liens in *Manual of Credit and Commercial Laws*, 91st Edition, published by the National Association of Credit Managers, and co-authoring the chapter on Bankruptcy in *Environmental Risks in Real Estate Transactions*, 2nd Edition, published by McGraw-Hill, Inc.

Dean received both his B.A. and J.D. from the University of Southern California in 1977 and 1980, respectively.

# ALSTON+BIRD LLP



**Diane C. Stanfield**
Alston & Bird LLP
333 South Hope Street
16th Floor
Los Angeles, CA 90071
213-576-1039
diane.stanfield@alston.com

**Services**
Litigation
Bankruptcy, Workouts &
  Reorganization

**Education**
University of California, Los
Angeles
(J.D., 1982)

California State University,
Northridge
(B.A., 1979)

**Admitted to Practice**
California

# Diane C. Stanfield

Diane has over twenty-five years of experience in the fields of commercial, real estate, lending and insolvency litigation. During the widely varied markets spanning her career, Ms. Stanfield's clients have included national retailers, property owners and landlords including REITS and various other ownership vehicles, assignees for the benefit of creditors, investors and commercial lenders. Her practice has included real estate contract and commercial lease disputes, judicial foreclosures, receiverships and workouts, and has included litigation of a broad spectrum of issues in the Bankruptcy Court, representing debtors, trustees, creditors, and creditors' committees. She spent a substantial part of her practice in representation of FSLIC and the Resolution Trust Corporation during the savings & loan crisis in the early 1990s.

Diane served as lead counsel on one of the "Top Ten Real Property Cases of 2005" as named by the California State Bar Association's *Real Property Journal*. The matter involved representation of an asset management firm that had been assigned the assets of a number of "dot-com" companies and the successful prosecution of an action to recover a number of six-figure security deposits, leading to a published appellate decision in the client's favor.

Diane has spoken and written extensively in the area of commercial real estate litigation. She was part of a Special Committee of the California State Bar Real Property Section that drafted the 1993 *lis pendens* statute, and is a former chair of the Real Estate Litigation Subsection of the Los Angeles County Bar Association.  She was awarded the California State Bar Association's Wiley W. Manuel Award for Pro Bono Legal Services, and regularly devotes a portion of her time to pro bono representation of parents adopting from the foster care system.

Diane received her J.D. from the University of California, Los Angeles in 1982 and her B.A. from California State University, Northridge in 1979.

# ALSTON+BIRD LLP



**Leib M. Lerner**
Alston & Bird LLP
333 South Hope Street
16th Floor
Los Angeles, CA 90071
213-576-1193
leib.lerner@alston.com

**Services**
Litigation
Bankruptcy, Workouts &
Reorganization

**Education**
University of California, Los
Angeles
(J.D., 2003)

Rabbinical College of America
(B.R.S., 1991)

**Admitted to Practice**
California

## Leib M. Lerner

Leib Lerner is an associate in the firm's Los Angeles office whose practice focuses on representing creditors and debtors involved in insolvency and bankruptcy proceedings. He has significant experience in assisting avoidance action defendants in adversary proceedings throughout the United States.

Leib received his B.R.S. from Rabbinical College of America in 1991, and his J.D. from the University of California, Los Angeles in 2003. During law school, Leib served as an editor on the UCLA Law Review, was an extern for the Honorable Thomas B. Donovan, United States Bankruptcy Judge for the Central District of California, and won the 2002 American Bar Association Section of Business Law Mendes Hershman Student Writing Contest.

Leib is an editor of the *American Bankruptcy Institute, 9th Circuit Court Update*.  He is a member of the American Bar Association Section of Business Law, the Financial Lawyers Conference, the American Bankruptcy Institute, and the Los Angeles Bankruptcy Forum.  Leib is admitted to practice in the District Courts for the Central, Eastern, and Southern Districts of California.

### Publications

- "Disclosing Toxic PIPE: Why the SEC Can and Should Expand the Reporting Requirements Surrounding Private Investments in Public Equities," 58 *Bus. Law.* 655 (2003).

# ALSTON+BIRD LLP

## Adriene Plescia Lynch

Adriene Lynch is an associate in the firm's Litigation and Trial Practice Group.

Ms. Lynch received her J.D. from Loyola Law School of Los Angeles, where she served as President of the Women's Law Association for two years. During her time at Loyola, she worked as a "certified law student" in the Los Angeles District Attorney's Juvenile Division, representing the People of California. She received her B.A. from Georgetown University in 2003.

Ms. Lynch is currently a member of the Los Angeles County Bar Association, the National Association of Women Lawyers and the Women Lawyers Association of Los Angeles.

**Adriene Plescia Lynch**
Alston & Bird LLP
333 South Hope Street
16th Floor
Los Angeles, CA 90071
213-576-1144
imani.gandy@alston.com

**Services**
Litigation
Commercial Litigation

**Education**
Loyola Law School, Los Angeles
(J.D., 2008)

Georgetown University
(B.A., 2003)

**Admitted to Practice**
California

# EXHIBIT 3

# ALSTON&BIRD LLP

www.alston.com

## RATES FOR PROFESSIONAL SERVICES

| ATTORNEYS | STANDARD RATE | DISCOUNTED RATE |
|---|---|---|
| Dean G. Rallis | 710 | 603.50 |
| Diane C.Stanfield | 610 | 518.50 |
| Leib M. Lerner | 470 | 399.50 |
| Adriene P. Lynch | 290 | 246.50 |
| **PARALEGAL** | | |
| Melanie Ezerzer | 190 | 161.50 |

# EXHIBIT 4

LEGAL01/6264608v1

Dean G. Rallis Jr. (CA Bar No. 94266)
Diane C. Stanfield (CA Bar No. 106366)
Leib M. Lerner (CA Bar No. 227323)
ALSTON & BIRD, LLP
333 South Hope Street, Sixteenth Floor
Los Angeles, California 90071-1406
Telephone: 213.576.1000
Facsimile: 213.576.1100

Counsel for the Official Committee
of Unsecured Creditors

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>ORANGE COUNTY NURSERY, INC., a California corporation,<br><br>Debtor.<br><br>Tax Id # 95-1681912. | CASE NO. 9:09-bk-10165-RR<br><br>Chapter 11<br><br>**ORDER APPROVING THE EMPLOYMENT AND RETENTION OF ALSTON & BIRD LLP AS COUNSEL FOR THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS <u>NUNC PRO TUNC</u> TO MARCH 3, 2009**<br><br>[No Hearing Required] |

**TO ALL INTERESTED PARTIES:**

Upon the application (the "Application") for an order approving the employment and retention of Alston & Bird LLP as counsel to the Official Committee of Unsecured Creditors (the "Committee"), <u>nunc pro tunc</u> to March 3, 2009; and upon the declaration of Dean G. Rallis Jr., Esq. and the exhibits attached thereto; and it appearing that Alston & Bird LLP is a "disinterested person" pursuant to section 101(14) of Title 11 of the United States Bankruptcy Code (the "Bankruptcy Code") and does not represent an interest adverse to the Committee or the above-captioned Debtor with respect to the

1  matters on which Alston & Bird LLP is to be employed; and good cause appearing

2  therefor,

3  **IT IS HEREBY ORDERED THAT:**

4          1.     The Application is granted;

5          2.     The employment and retention of Alston & Bird LLP as counsel for

6  the Committee, nunc pro tunc to March 3, 2009, is hereby approved pursuant to sections

7  328 and 1103(a) of the Bankruptcy Code.

8

9  **IT IS SO ORDERED.**

10

11  DATED:

12                                          Honorable Robin L. Riblet
                                  United States Bankruptcy Judge

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

20359725_3.DOC

| In re: ORANGE COUNTY NURSERY, INC., a California corporation,<br><br>Debtor(s). | CHAPTER  11<br><br>CASE NUMBER: 9:09-bk-10165-RR |
|---|---|

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:  333 S. Hope Street, Los Angeles, California 90071

The foregoing document described as **APPLICATION FOR ORDER APPROVING THE EMPLOYMENT AND RETENTION OF ALSTON & BIRD LLP AS COUNSEL FOR THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS NUNC PRO TUNC TO MARCH 3, 2009; DECLARATION OF DEAN G. RALLIS JR. IN SUPPORT THEREOF** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On March 31, 2009, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☒        Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL(indicate method for each person or entity served):**
On March 31, 2009, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. *Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.*

☒ Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____, I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. *Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.*

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| 3/31/2009 | Melanie Ezerzer | |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009                                                                F 9013-3.1

31190086_3.DOC

**IN RE: ORANGE COUNTY NURSERY, INC.**
**UNITED STATES BANKRUPTCY COURT**
**CHAPTER 11 – CASE NO. 9:09-bk-10165-RR**
**SERVICE LIST**

**SERVED BY NEF**

- Donald T Dunning    ddunning@dunningLaw.com

- Brian D Fittipaldi    brian.fittipaldi@usdoj.gov

- David S Kupetz    dkupetz@sulmeyerlaw.com, jbartlett@sulmeyerlaw.com

- Leib M Lerner    leib.lerner@alston.com

- Elissa Miller    emiller@sulmeyerlaw.com

- Randall P Mroczynski    randym@cookseylaw.com

- Randy P Orlik    rorlik@coxcastle.com

- Dean G Rallis Jr    dean.rallis@alston.com

- Peter Susi    cheryl@msmlaw.com, peter@msmlaw.com

- United States Trustee (ND)    ustpregion16.nd.ecf@usdoj.gov

- Steven Werth    swerth@sulmeyerlaw.com

**SERVED BY U.S. MAIL**

**HONORABLE ROBIN L RIBLET**
U.S. Bankruptcy Court - Northern Division
(Bin Outside of Suite 103)
1415 State Street
Santa Barbara, CA 93101-2511

**OFFICE OF THE UNITED STATES TRUSTEE**
Office of the U.S. Trustee - Northern Division
Attn: Brian Fittipaldi, Esq.
128 E. Carrillo Street, Suite 126
Santa Barbara CA, 93101
brian.fittipaldi@usdoj.gov

**DEBTOR**
Orange County Nursery, Inc
6069 Maureen Lane Unit A
Moorpark, CA 93021

**PARTIES REQUESTING SPECIAL NOTICE**

**COUNSEL TO CREDITOR Frio CAD**
LINEBARGER GOGGAN BLAIR & SAMPSON, LLP
711 NAVARRO, SUITE 300
SAN ANTONIO TX 78205

**COUNSEL TO CREDITOR INLAND LEASE & RENTAL, INC.**
Law Offices of Randolph A. Bain
158 North Glassell St., Suite 204
Orange, California 92866
Telephone: (714) 628-1171
Facsimile: (714) 628-1172
bainrand@aol.com

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

31190086_3.DOC